ELBERT L. BURNHAM and wife *vs.* ROBERT DALLING.

In an attempted settlement by a guardian of his account, either under the act respecting the Orphans Court, *Nix. Dig.* 575, or under the act relative to guardians, *Nix. Dig.* 341, there must be a compliance with the requirements of the statute, to render the account exhibited by the guardian *prima facie* evidence of its correctness, and to impose upon the ward the burden of proving, or showing the falsity or injustice of any item of the account, to which he may afterwards take exceptions.

----

The case was heard upon bill and answer.

*Gilchrist,* for complainants.

The order of the Orphans Court was void, because not pursuant to the statute. *Gray* v. *Fox, Saxton* 260.

Also because no notice was given. *Nix. Dig.* 580, § 24; *Hess* v. *Cole,* 3 *Zab.* 116, 125; *Boulton* v. *Scott's Adm'r,* 2 *Green's Ch. R.* 231; *Fennimore* v. *Fennimore, Ibid.* 292.

Until final account, this court will treat accounts as open. *Merselis* v. *Ex'rs of Merselis,* 3 *Halst. Ch. R.* 573; *Exton* v. *Zule,* 1 *McCarter* 501.

*Barkalow,* for defendant.

THE CHANCELLOR. The bill is filed by husband and wife against the guardian of the wife for a discovery and an account. William Bale, the father, died on the twenty-seventh of September, 1849, leaving three infant children, two of whom were under the age of fourteen years.

The defendant was appointed guardian of the three children by the Orphans Court of Passaic county, in March, 1850. In October, 1853, during the minority of the wards and while they were living under his guardianship, the guardian filed his account in the surrogate's office of the county of Passaic, under oath, whereupon the following order was made :

PASSAIC ORPHANS COURT, October Term, 1853.

Robert Dalling, guardian of Elizabeth Bale, a minor under twenty-one years of age. } *Intermediate account.*

The surrogate having audited and stated the account of the above named guardian, and placed the same on the files of his office twenty days previous to this time, and being now reported for settlement, the same is in all things allowed as reported.

The only question submitted for decision is, whether this settlement can be regarded as *prima facie* evidence of the truth of the charges contained therein, so as to render it incumbent upon the ward to prove or show the falsity or injustice thereof.

It is admitted that no notice was given of the settlement by public advertisement, as was required by the statute, upon the settlement of the accounts of executors, administrators, guardians and trustees, in force at the date of the settlement.

Nor was any citation issued to the wards to appear at the said Orphans Court, as required by law. *Nix. Dig.* 580, § 24.

It is obvious that the attempted settlement of the guardian's accounts was not made in compliance with the requirements of the statute, and that the decree of allowance is nugatory and void, as against the wards.

Nor can the exhibition and filing of the account, and the allowance of it by the court, be of any avail against the ward under the provisions of the third section of the act relative to guardians. *Nix. Dig.* 341. The proceeding was not con-

ducted in accordance with the requirement of that act. No notice by public advertisement or citation of the ward is required. The account is not to be audited or stated by the surrogate. No decree of allowance is to be made. There is in fact no settlement of the account within the meaning of the statutes directing and regulating the settlement of the accounts of trustees and guardians. The account of the guardian is to be exhibited under oath, to be examined by the court, or by such person or persons as they shall appoint, and being found and certified or reported to be properly and fairly stated, and the articles thereof to be supported and justified by the vouchers, and the report, in case of a reference, being approved and confirmed by the court, is, with such certificate or confirmation, to be entered of record in a book to be kept by the clerk for that purpose. It is obvious that the proceeding in the Orphans Court was not conducted in reference to these requirements. There is no certificate that the accounts were examined by the court, or that they were found to be properly and fairly stated, and the items thereof supported and justified by the vouchers. Nor is there any order directing it to be recorded. It is only a compliance with these requirements that renders the account thus exhibited by the guardian *prima facie* evidence of its correctness, and imposes upon the ward the burden of proving or showing the falsity or injustice of any item of the account to which he may afterwards take exceptions.

In taking and stating the accounts of the guardian, the attempted settlement in the Orphans Court not having been made as required by law, cannot be regarded as presumptive, and much less as conclusive evidence of the truth of any of the charges contained therein.

From the view which has been taken of the case, it is unnecessary to express any opinion upon the question suggested upon the argument, how far any settlement made by a guardian of his accounts during the minority of his wards and the continuance of his guardianship, will be regarded in a court of equity as binding upon the infants.